IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 6 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| MARK ANTHONY LEWIS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1099-A |
| | § | (NO. 4:15-CR-116-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of Mark Anthony Lewis ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, pertinent parts of the record in Case No. 4:15-CR-116-A, styled "United States of America v. Mark Anthony Lewis, et al.," and applicable authorities, the court has concluded that the motion should be denied.

I.

<u>Background</u>

Information contained in the record of the underlying criminal case discloses the following:

On June 10, 2015, movant was named in a two-count superseding indictment charging him in count one with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and § 924(a)(2), and in count two with aiding and

abetting a co-defendant in making a false statement or representation, in violation of 18 U.S.C. §§ 1001(a)(2) and 2. CR Doc.[1] 20. On July 31, 2015, movant pleaded guilty to count one of the superseding indictment. CR Doc. 44. On January 1, 2016, movant was sentenced to a term of imprisonment of 96 months, to be followed by a three-year term of supervised release. CR Doc. 71. Movant appealed and his sentence was affirmed. United States v. Lewis, No. 16-10024, 2016 WL 5349279 (5th Cir. Sept. 23, 2016); CR Docs. 103, 104.

## II.

### Grounds of the Motion

Movant asserts one ground in support of his motion.[2] He says that his prior conviction for simple robbery is not a crime of violence under 2K2.1 of the sentencing guidelines in light of Johnson v. United States, 135 S. Ct. 2551 (2015). In his second ground, movant asks the court to hold his motion in abeyance pending rulings in Jones v. United States, No. 15-8629 (U.S. Apr. 21, 2016), and Beckles v. United States, No. 15-8544 (June 27, 2016). In his third ground, he says that he is entitled to an evidentiary hearing, And, in his fourth ground, movant seeks

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-116-A.

[2]Matters set forth as grounds two, three, and four are not independent grounds for relief, but rather pertain to the relief sought in the first ground.

appointment of counsel to represent him in pursuing habeas

relief.

### III.

#### Applicable Legal Standards

#### Standard of Review

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted.  United States v. Frady, 456 U.S.

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991).  A defendant can challenge his conviction or

sentence after it is presumed final on issues of constitutional

or jurisdictional magnitude only, and may not raise an issue for

the first time on collateral review without showing both "cause"

for his procedural default and "actual prejudice" resulting from

the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial

errors.  It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete

miscarriage of justice.  United States v. Capua, 656 F.2d 1033,

1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of

habeas corpus will not be allowed to do service for an appeal.

Davis v. United States, 417 U.S. 333, 345 (1974).  Further, if

issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

<u>Analysis</u>

Movant is complaining about application of the sentencing guidelines. Movant's sentence was the subject of his appeal and was affirmed. Misapplication of the sentencing guidelines is not a claim cognizable under § 2255. <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999); <u>United States v. Engs</u>, 884 F.2d 894, 896-97 (5th Cir. 1989).

Holding movant's motion in abeyance as he requests would serve no purpose as movant is not entitled to any relief. Movant does not cite any authority in support of his motion to stay and the court is aware of none. <u>See</u> <u>United States v. Ray</u>, No. 11-19, 2014 WL 6612615, at *2 (E.D. La. Nov. 20, 2014) (court was not aware of any instances sanctioning use of "placeholder" § 2255 motions).

Movant's motion for an evidentiary hearing comes too late, as he should have asserted any objections to his presentence

4

report prior to sentencing. There is no reason he could not have raised the issue he now urges at that time.

Finally, movant is not entitled to appointed counsel to pursue habeas relief, <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987), and he has not demonstrated that the interests of justice require such appointment. 18 U.S.C. § 3006A(a)(2)(B).

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 6, 2016.

JOHN McBRYDE
United States District Judge